Filed 5/13/13  P. v. Neufeld CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM JOSEPH NEUFELD, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B242936<br>(Super. Ct. No. F468767)<br>(San Luis Obispo County) |

        A second amended information charged appellant William Joseph Neufeld with (1) felony assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1));[1] (2) a special allegation that appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)), rendering the offense a serious felony (§ 1192.7, subd. (c)(8)); (3) felony battery with serious bodily injury (§ 243, subd. (d)); (4) a second special allegation that appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)); and (5) four separate special allegations that appellant suffered four separate and distinct convictions that resulted in his incarceration in state prison. Appellant pleaded not guilty to these charges and denied the special allegations.

---

        [1] All statutory references are to the Penal Code.

Appellant twice moved for substitution of counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, 123. The trial court denied both motions.

A jury convicted appellant of count 1, felony assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), but did not find that appellant personally inflicted great bodily injury in the commission of that offense. The jury found appellant not guilty of count 2, felony battery with serious bodily injury (§ 243, subd. (d)), but did find him guilty of the lesser included offense of misdemeanor battery (§ 242).

The parties agreed to waive a jury trial on the issue of the four prior prison terms allegations. The trial court sentenced appellant to a total of seven years in prison, consisting of the upper base term of four years on count 1 (felony assault), plus a term of one year on each of three prior prison term enhancements (§ 667.5, subd. (b)). The court stayed imposition of the sentence on the fourth prior prison term enhancement and sentenced appellant to six months in county jail on count 2 (misdemeanor battery), to run concurrently with the sentence on count 1. Appellant was awarded 203 days of actual credit and 202 days of conduct credits, for a total of 405 days of credit. The court also ordered appellant to pay a restitution fine of $1,600, pursuant to section 1202.4, subdivision (b).

Appellant filed a timely notice of appeal, and we appointed counsel to represent him. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case and requesting that we review the entire record. Appellant subsequently filed a two-page handwritten supplemental letter brief in which he contends "this case lacks merit." We agree with counsel's conclusion that no arguable issues exist. Accordingly, we affirm.

STATEMENT OF FACTS

Dr. Joan Odom, a psychiatrist at Atascadero State Hospital (ASH), met with appellant, then a patient at ASH, on December 15, 2011. Present in the examination room were two experienced psychiatric technicians, Dennis Williams and Patricia Rasor.

2

Appellant asked for a change in his medications, and Dr. Odom responded that his prescribed medications were appropriate. At that time, Williams was standing directly behind appellant and Rasor was in front of appellant, to his left. Dr. Odom was sitting on the other side of a table, approximately five feet away. Appellant started to become hostile, stood up and "squared off" with Williams. Although frightened, Dr. Odom calmed appellant down by threatening to activate the alarm.

As the examination continued, appellant became increasingly agitated and asked, "What, do I have to hit someone to get what I want?" Appellant then stood up, took a step towards Dr. Odom and hit her with his fist, causing her head to hit against the wall. Williams then seized appellant from behind and Rasor inserted herself between Dr. Odom and appellant, who had grabbed Dr. Odom's ponytail. Rasor managed to remove appellant's hand from Dr. Odom's hair and Williams took appellant to the ground. Steve Walters, a unit supervisor, heard Dr. Odom yelling "let go of my hair" and entered the exam room. He saw Dr. Odom sprawled on a chair, hair disheveled, and bleeding from her mouth and nose. As Williams and Rasor attempted to restrain appellant, Walters picked up Dr. Odom and assisted her out of the room.

Although Dr. Odom did not appear to lose consciousness, she believes she may have done so, because she has little memory of the assault. She did feel pain in the back of her head as it hit the wall. Dr. Odom was treated for her injuries, which did not require hospitalization. She returned to work after a period of absence. Following the incident, appellant said he assaulted Dr. Odom because she would not give him his medication.

Appellant testified on his own behalf. He admitted having prior convictions for felony grand theft and grand theft auto and for twice resisting an executive officer. Appellant testified he told Dr. Odom that he wanted additional medication to treat his anxiety attacks and difficulty breathing. He claimed that while he was making the request, Williams slammed him to the floor, pushing Dr. Odom to the floor in the process. Appellant stated he did not lunge at or hit Dr. Odom, nor did he grab

her hair or push her into the wall. Appellant denied admitting, after the incident, that "I hit her because she wouldn't give me my meds."

Appellant further testified that Rasor was not in the room when Williams threw appellant to the floor, and that Rasor lied for Williams because she is Williams' girlfriend. Appellant stated that Dr. Odom has psychological problems herself and that she takes psychiatric medication. He opined that Dr. Odom must have been pushed because he did not hit her. He stated that he does not hit females and that if he did hit her, she would have been hurt.

## DISCUSSION

In his supplemental letter brief, appellant contends that this case "lacks merit" and that he was a "scapegoat in a frivolous workmens comp case" brought by Dr. Odom.[2] We disagree. The substantial evidence supports the jury's determination that appellant committed felony assault and misdemeanor battery on Dr. Odom by hitting her with his fist, knocking her against the wall and then grabbing her hair. Having examined the entire record, counsel's *Wende* brief and appellant's supplemental letter brief, we are satisfied that appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

---

[2]Appellant's letter brief also includes a number of comments that have no bearing on his convictions, such as his views on the crime rate and the prison system. Because these issues are irrelevant to this case, they are not addressed here.

4

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

William J. Neufeld, Jr., in pro. per.; Patricia A. Malone, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.